**DUANE MORRIS** LLP
R. Terry Parker
1540 Broadway
New York, NY 10036-4086
Telephone: 212.692.1000
Facsimile: 212.692.1020

and

Keith Zakarin (*pro hac vice*)
Michelle Hon Donovan (*pro hac vice*)
Heather U. Guerena (*pro hac vice*)
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619.744.2200

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARDING SCHOOL REVIEW, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| DELTA CAREER EDUCATION CORPORATION and WESTON EDUCATIONAL, INC., BERKS TECHNICAL INSTITUTE, INC., MCCANN EDUCATION CENTERS, INC., MILLER-MOTTE BUSINESS COLLEGE, INC., SOUTHWEST BUSINESS COLLEGES, INC., and THE MIAMI-JACOBS BUSINESS COLLEGE CO., | ) CIVIL ACTION NO. 11 Civ. 8921 (DAB) |
| Defendants. | ) |
| DELTA CAREER EDUCATION CORPORATION et al., | ) |
| Cross-Claimants, | ) |
| v. | ) |
| BOARDING SCHOOL REVIEW, LLC, | ) |
| Cross-Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DELTA'S
## <u>MOTION FOR RECONSIDERATION OR</u>

Pursuant to Local Civil Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York, Cross-Claimants Delta Career Education Corporation, Berks Technical Institute, Inc., Career Training Specialists, Inc., McCann Education Centers, Inc., Miller-Motte Business College, Inc., Southwest Business Colleges, Inc., and the Miami-Jacobs Business College Co. (collectively "Delta"), submit this memorandum of law in support of its motion for reconsideration of the portion of the Court's Memorandum and Order dated March 29, 2013 that dismissed Delta's deceptive trade practices claims under New York General Business Law § 349, with prejudice. The Court's order was based on the mistaken conclusion that Boarding School Review's ("BSR") deceptive marketing practices do not cause the type of harm likely to trigger intervention by the Federal Trade Commission ("FTC"). In fact, BSR's deceptive practice of obtaining consumer's personal information by misrepresenting their affiliation with for-profit colleges and concealing how and by whom their information will be used is exactly the type of harm that members of Congress have asked the FTC to investigate. Additionally, similar deceptive practices have also prompted action by the New York Attorney General and nineteen other State Attorneys General against one of the largest lead generators in the for-profit education sector. Delta respectfully submits that these facts establish that the deceptive and misleading lead generation practices described in Delta's counter-claims cause harm to both Delta and the public at large, sufficient to support a deceptive trade practices claim and would have altered the outcome of the Court's Opinion.

## ARGUMENT

### I.      Standard for Reconsideration

Motions for reconsideration are generally governed by Local Rule 6.3 and should be granted when the moving party can "point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995). While Local Rule 6.3 generally precludes a party from advancing new facts, issues or arguments not previously presented to the court, courts in this district also have the broad discretion to reevaluate earlier rulings depending upon "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *EEOC v. Local 638 . . . Local 28 of The Sheet Metal Workers' Int'l Ass'n*, 2001 U.S. Dist. LEXIS 19, 2-4 (S.D.N.Y. Jan. 3, 2001) (quoting *Virgin Atlantic Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Here, reconsideration is warranted because there are factual matters that were not before the Court, which would have altered the conclusion reached by the Court.  Reconsideration is also warranted to prevent manifest injustice.  Delta is mindful that motions for reconsideration are not vehicles to be used to express a party's dissatisfaction with a court's ruling and should only be used in exceptional circumstances to prevent manifest injustice.  Such is the case here, where the Court has forever foreclosed Delta's deceptive trade practices claims and set dangerous precedent with regard to deceptive lead generation practices, based on a mistaken assumption of facts.

## II.   BSR's Deceptive Marketing Practices Cause Significant Harm to the General Public and Support a Deceptive Trade Practices Claim.

Delta does not disagree with the Court's articulation of the standard for deceptive trade practices under New York General Business Law § 349 ("Section 349").  However, Delta respectfully submits that the Court did not have sufficient information or facts before it to conclude that the deceptive trade practices alleged in the complaint could never support a claim under § 349.  Because this issue was not raised in BSR's motion but instead was articulated for the first time in the Court's Memorandum and Order, Delta did not previously have an opportunity to present this information to the Court.  Had the Court had all of the pertinent information, it likely would not have dismissed the deceptive trade practices claim.

Section 349 prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.  N.Y. Bus. Law § 349.  Although the statute is, at its core a consumer protection device, corporate competitors may bring a claim under this statute so long as some harm to the public at large is at issue.  *Construction Technology v. Lockformer Co.*, 704 F. Supp. 1212, 1223 (S.D.N.Y. 1989) (holding that allegations of false advertising are sufficient to support a claim under N.Y. Gen .Bus. Law § § 349 and 350); *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) and R. Givens, Practice Commentaries on Gen. Bus. §§ 349, 350 at 569 (McKinney 1988) ("direct deception against ordinary consumers where the chief injury is to the consumer rather than competitors, would appear clearly within the scope of Gen. Bus. §§ 349-350 . . . . Inquiry in such cases thus need focus only on whether deception was practiced, not on any separate 'public interest' question. And either the consumer or an injured competitor may sue.").

In this case, BSR's deceptive lead practices are targeted against and cause harm to the public at large.  Specifically, as alleged in Delta's counter claims, BSR induces consumers to

provide personal information through the lead forms that it hosts on its website by falsely

misrepresenting its affiliation with schools such as Delta.  For example, the lead form on one of

the Miller-Motte Technical College pages states, "Get Admissions Info on Miller-Motte

Technical College, Raleigh (It only takes a minute!)."

http://www.communitycollegereview.com/school_overview/2174.  However, Delta does not

receive any leads that are completed on the BSR Website and no admissions information is sent

to the consumer regarding this school.  Instead, of sending the lead to the school as the consumer

requested, the consumer's personal information is sold BSR's marketing partner who uses the

information for the purposes of marketing schools in direct competition with Delta and for whom

the consumer has not requested any information.  This type of unethical and misleading lead

generation practice constitutes an unfair or deceptive practice under 15 U.S.C. § 45 and

prompted Senator Richard Durbin, Tom Harkin, Fank Lautenberg and Barbara Boxer to write a

letter to the Chairman of the FTC requesting that the FTC intervene.  Request for Judicial Notice

Exhibit A.  The Senators' letter specifically asks the FTC to investigate and intervene to prevent

the exact same deceptive practices lead generation practices employed by BSR:

> To recruit students, many for-profit colleges have partnered with third-party
> online marketing companies, so-called "lead generators," that deceive consumers
> to obtain personal information by misrepresenting their affiliate with for-profit
> colleges, as well as concealing how and by whom their information will be used.
> The Federal Trade Commission (FTC) is well positioned to protect consumers
> from the deceptive practices used by lead generators.

Moreover, the New York Attorney General and nineteen other State Attorneys General

recently instituted a formal investigation on of the largest lead generation companies in the

education sector on the grounds that its misleading lead generation practices violated state unfair

and deceptive business practice laws.  As a result, the lead generation company entered into an

Assurance of Voluntary Compliance agreement with the State Attorneys General agreeing to

change its lead generation practices and pay 2.5 million dollars in fines.  *See* Request for Judicial

Notice Exhibits B and C.  These facts were not previously before this Court because BSR limited

its motion to dismiss Delta's trademark claims to the issue of fair use and no likelihood of

confusion.  *See* Doc. No. 18, at 1, 7.  The issue of whether the alleged business practices of BSR

are likely to cause the type of harm that would trigger a Federal Trade Commission intervention

was raised for the first time in the Court's Memorandum and Order.

Thus, there is no question that the deceptive lead generation practices cause harm to the

general public sufficient to support a claim under § 349.  It would be a manifest injustice to

Delta and to the public to set precedence that says otherwise, particularly in light of the New

York Attorney General's recent efforts curb deceptive lead generation practices under such

statutes.  Had the Court been aware of these facts, it no doubt would not have come to the

conclusion that BSR's misrepresentation to consumers is not the type of harm that would support

a claim under this statue.

In light of the foregoing, Delta respectfully requests the Court reconsider its Order dated

March 29, 2013 and enter a revised Memorandum and Order denying BSR's motion to dismiss

with respect Delta's deceptive trade practices claim.  In the alternative, Delta requests that the

Court grant Delta leave to amend its deceptive trade practices claim.

Respectfully submitted,

Dated:  April 12, 2013

DUANE MORRIS LLP

By:___s/Michelle Hon Donovan___
          Keith Zakarin
          Michelle Hon Donovan
          Heather U. Guerena
          DUANE MORRIS LLP
          750 B Street, Suite 2900
          San Diego, CA 92101

(619) 744-2200

R. Terry Parker
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
(212) 692-1000
*Attorneys for Third-Party Plaintiffs*