```
UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BOARDING SCHOOL REVIEW, LLC,

                Plaintiff,

        v.                                      11 Civ. 8921 (DAB)
                                                       ORDER
DELTA CAREER EDUCATION CORPORATION,
WESTON EDUCATIONAL, INC., BERKS
TECHNICAL INSTITUTE, INC., MCCANN
EDUCATIONAL CENTERS, INC., MILLER-MOTTE
BUSINESS COLLEGE, INC., SOUTHWEST
BUSINESS COLLEGES, INC., and THE MIAMI-
JACOBS BUSINESS COLLEGE CO.,

                Defendants.
------------------------------------X
DELTA CAREER EDUCATION CORPORATION, et al.

           Counterclaim-Plaintiffs,

        v.

BOARDING SCHOOL REVIEW, LLC,

           Counterclaim-Defendant.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On March 29, 2013, the Court granted Plaintiff/Counter-Claim-Defendant's ("Plaintiff's") Motion to Dismiss Defendants/Counterclaim-Plaintiffs' ("Defendants'") trademark infringement, unfair competition, deceptive trade practices, and trademark dilution counterclaims, as well as Defendants' copyright infringement counterclaims for statutory damages and attorney's fees. The Court denied Plaintiff's Motion to Dismiss

1

Defendants' copyright infringement counterclaims seeking other relief. Defendants were granted leave to amend only their federal and state trademark infringement, federal and state unfair competition, and state trademark dilution counterclaims regarding the "Get info / application from" hyperlinks featured on the printouts of Plaintiff's webpages.

Now before the Court is Defendants' Motion for Reconsideration pursuant to Local Civil Rule 6.3 or, in the alternative, for Leave to Amend. Defendants' Motion pertains only to their state deceptive trade practices claim.[1]

A. Motion for Reconsideration

"Local Rule 6.3 permits a party to move for reconsideration based on 'matters or controlling decisions which counsel believes the Court has overlooked.'" Hochstadt v. New York State Educ. Dep't, No. 12-2836-cv (L), 2013 WL 5273044, at *2 (2d Cir. Sept. 19, 2013) (quoting S.D.N.Y. Local R. 6.3). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to

---

[1] The Parties' familiarity with the facts and allegations in this matter is assumed. (See Memorandum and Order, ECF No. 22 (Mar. 29, 2013).)

alter the conclusion reached by the court." Id. (quotation marks omitted) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995))

    Here, Defendants attempt to submit new evidence to the Court, and argue that "reconsideration is warranted because there are factual matters that were not before the Court, which would have altered the conclusion reached by the Court." (Mem. Law Supp. Delta's Mot. Reconsideration ("Defs.' Mem.") 3 (emphasis added).) However, "Local Rule 6.3 does not afford a losing party the right to submit any affidavits or new evidence." In re CRM Holdings, Ltd. Sec. Litig., No. 10 Civ. 975, 2013 WL 787970, at *9 (S.D.N.Y. Mar. 4, 2013); see also U.S. Titan v. Guangzhou Zhen Hua Shipping Co., Ltd., 182 F.R.D. 97, 100 (S.D.N.Y. 1998) ("The parties, however, may not address facts, issues, or arguments not previously presented to the court . . . ."), aff'd, 241 F.3d 135 (2d Cir. 2001). Accordingly, the Court will not consider Defendants' new evidence. Because all of Defendants' rationales for reconsideration rest entirely on the newly submitted evidence, Defendants' Motion for Reconsideration is DENIED.

B. Motion for Leave to Amend

When a claim has been dismissed, permission to amend the complaint shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, a court may dismiss without leave to amend when amendment would be futile, or would not survive a motion to dismiss. <u>Oneida Indian Nation of N.Y. v. City of Sherrill</u>, 337 F.3d 139, 168 (2d Cir. 2003), <u>rev'd on other grounds</u>, 544 U.S. 197 (2005). "Where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." <u>Beachum v. AWISCO N.Y. Corp.</u>, 459 F. App'x 58, 59 (2d Cir. 2012) (quoting <u>Hayden v. Cnty. of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999)) (internal quotation marks omitted).

The instant Motion and the documents enclosed in Defendants' Requests for Judicial Notice raise the possibility that an amended deceptive trade practices counterclaim regarding the "Get info / application from" hyperlinks featured on the printouts of Plaintiff's webpages could survive a motion to dismiss. (See Am. Compl. Ex. A at 10, 16; Am. Compl. Ex. C at 12; First Def. Req. Judicial Notice Ex. C at 4; First Def. Req. Judicial Notice Ex. D at 4; Second Def. Req. Judicial Notice Exs. A-C.) However, amendment of the counterclaims pertaining to other allegedly deceptive trade practices would be futile or

would not survive a motion to dismiss. Accordingly, the Court **GRANTS** Defendants leave to amend their state deceptive trade practices counterclaim regarding the "Get info / application from" hyperlinks on Plaintiff's webpages, but **DENIES** leave to amend all other state deceptive trade practices counterclaims.

Any amended counterclaims shall be filed within thirty days of the date of this Order. Failure to do so shall result in dismissal with prejudice of all counterclaims in this matter except for the Copyright Act counterclaims for relief other than statutory damages and attorney's fees.

SO ORDERED.

DATED:      October 16, 2013
            New York, New York

_____
Deborah A. Batts
United States District Judge