# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARDING SCHOOL REVIEW, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DELTA CAREER EDUCATION CORPORATION, WESTON EDUCATIONAL, INC., BERKS TECHNICAL INSTITUTE, INC., CAREER TRAINING SPECIALISTS, INC., MCCANN EDUCATION CENTERS, INC., MILLER-MOTTE BUSINESS COLLEGE, INC., SOUTHWEST BUSINESS COLLEGES, INC., and THE MIAMI-JACOBS BUSINESS COLLEGE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 11 Civ. 8921 (DAB)<br><br>**DELTA'S FIRST AMENDED COUNTERCLAIMS** |
| DELTA CAREER EDUCATION CORPORATION, BERKS TECHNICAL INSTITUTE, INC., CAREER TRAINING SPECIALISTS, INC., MCCANN EDUCATION CENTERS, INC., MILLER-MOTTE BUSINESS COLLEGE, INC., SOUTHWEST BUSINESS COLLEGES, INC., CREATIVE CIRCUS, INC. and THE MIAMI-JACOBS BUSINESS COLLEGE COMPANY,<br><br>Counter-Claimants,<br><br>v.<br><br>BOARDING SCHOOL REVIEW, LLC,<br><br>Counter-Defendants. | |

Defendants, Delta Career Education Corporation, Berks Technical Institute, Inc., Career Training Specialists, Inc., McCann Education Centers, Inc., Miller-Motte Business College, Inc., Southwest Business Colleges, Inc., and the Miami-Jacobs Business College Company (collectively, "Delta"), by their undersigned attorneys, Duane Morris LLP, hereby submit their First Amended Counterclaims as follows:

## FIRST AMENDED COUNTERCLAIMS

Defendants/Counter-Claimants, Delta, brings the following amended counterclaims against Plaintiff/Counterclaim Defendant Boarding School Review LLC ("BSR") and hereby aver as follows:

### THE PARTIES

1.      Defendant/Counter-Claimant Delta Career Education Corporation is a Delaware corporation with a principal place of business at 4525 Columbus Street, Suite 101, Virginia Beach, Virginia.

2.      Defendant/Counter-Claimant Miller-Motte Business College, Inc. is a North Carolina corporation with a principal place of business at 4525 Columbus Street, Suite 101, Virginia Beach, Virginia.

3.      Defendant/Counter-Claimant Southwest Business Colleges, Inc. is a Colorado corporation with a principal place of business at 4525 Columbus Street, Suite 101, Virginia Beach, Virginia.

4.      Defendant/Counter-Claimant Career Training Specialists, Inc. is a Louisiana corporation with a principal place of business at 4525 Columbus Street, Suite 101, Virginia Beach, Virginia.

5.      Defendant/Counter-Claimant The Miami-Jacobs Business College Company is an Ohio corporation with a principal place of business at 4525 Columbus Street, Suite 101, Virginia Beach, Virginia.

6.      Defendant/Counter-Claimant Creative Circus, Inc. is a Virginia corporation with a principal place of business at 4525 Columbus Street, Suite 101, Virginia Beach, Virginia.

7.      Defendant/Counter-Claimant Berks Technical Institute, Inc. is a Delaware corporation with a principal place of business at 4525 Columbus Street, Suite 101, Virginia Beach, Virginia.

8.      Defendant/Counter-Claimant McCann Education Centers, Inc. is a Pennsylvania corporation with a principal place of business at 4525 Columbus Street, Suite 101, Virginia Beach, Virginia.

9.      Upon information and belief, Plaintiff/Counter-Defendant BSR is a New York liability company with a principal place of business at 141 Fifth Ave., New York, New York.

## JURISDICTION AND VENUE

10.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because BSR is located in residents of this District.

12.     Personal jurisdiction over BSR is located in residents of this District and most or all of the events occurred at BSR's business location in this district.

## FACTS

## I.   THE DELTA SCHOOLS AND INTELLECTUAL PROPERTY

Delta Career Education Corporation is an educational services company and, as the parent corporation, operates numerous post-secondary schools serving the growing need for career-oriented education in the new service economy (the "Delta Schools").

13.     Delta Career Education Corporation's wholly-owned subsidiaries include Defendants/Counter-Claimants Miller-Motte Business College, Inc., Southwest Business Colleges, Inc., Career Training Specialists, Inc., The Miami-Jacobs Business College Company, Berks Technical Institute, Inc., McCann Education Centers, Inc., and Creative Circus, Inc.

14.   The Delta Schools primarily offer degree and diploma programs in fields with high employer demand, including healthcare, information technology, and business.

15.   Delta operates 35 campuses providing education services to over 16,000 students under the following trademarks, which are hereinafter referred to as the "Delta Marks":

- ACADEMY OF COURT REPORTING
- ACADEMY OF COURT REPORTING TECHNOLOGY
- ACRT
- BERKS TECHNICAL INSTITUTE
- BTI
- CAREER TECHNICAL COLLEGE
- CTC
- MILLER-MOTTE
- MILLER-MOTTE COLLEGE
- MILLER-MOTTE TECHNICAL COLLEGE
- TUCSON COLLEGE
- MCCANN SCHOOL OF BUSINESS AND TECHNOLOGY
- MCCANN
- MIAMI-JACOBS CAREER COLLEGE
- MIAMI-JACOBS
- CHANGING FUTURES.  CHANGING LIVES.
- TEAM U
- DELTA
- DELTA CAREER EDUCATION CORPORATION
- DELTA DEGREES OF SUCCESS
- DELTA DEGREES OF SUCCESS – SUCCESS COMES FROM WITHIN

16.   Delta has offered educational services in interstate commerce in connection with the Delta Marks for many years.  For example, Miller-Motte Business College, Inc. and its predecessor entity, have offered educational services in connection with the "MILLER-MOTTE" mark for more than one-hundred years.

17.   In addition, Delta is the owner of the following valid, subsisting U.S. trademark registrations for the Delta Marks, copies of which are annexed hereto as **Exhibit 1**:

| TRADEMARK/ SERVICE MARK | OWNER | Registration No./ Serial No. |
|---|---|---|
| BTI | Berks Technical Institute, Inc. | 3714831/ 77722850 |
| CTC CAREER TECHNICAL COLLEGE | Career Training Specialists, Inc. | 3867044/ 77961405 |
| THE CREATIVE CIRCUS | Creative Circus, Inc. | 3714650/ 77708226 |
| CHANGING FUTURES.  CHANGING LIVES. | Delta Career Education Corporation | 3708362/ 77716067 |
| DELTA DEGREES OF SUCCESS | Delta Career Education Corporation | 3863514/ 77952900 |
| DELTA DEGREES OF SUCCESS – SUCCESS COMES FROM WITHIN | Delta Career Education Corporation | 3863510/ 77952864 |
| TEAM U | Delta Career Education Corporation | 4216875/ 85509240 |
| MCCANN | McCann Education Centers, Inc. | 3826982/ 77742810 |
| MILLER-MOTTE | Miller-Motte Business College, Inc. | 3714885/ 77723886 |
| TUCSON COLLEGE (words only) | Southwest Business Colleges, Inc. | 3913756/ 85062843 |
| TUCSON COLLEGE with design | Southwest Business Colleges, Inc. | 3916051/ 77961413 |
| MIAMI-JACOBS | The Miami-Jacobs Business College Company | 3936254/ 77739531 |

18.    Moreover, Miami-Jacobs Business College Company is the owner of the

following valid, subsisting state registration in Ohio:

| TRADEMARK/ SERVICE MARK | OWNER | REG./ SERIAL NO. |
|---|---|---|
| Serenity at Miami-Jacobs Career College | The Miami-Jacobs Business College Company | 1612363 |

19.     Delta has invested enormous sums of time, money, and effort in its extensive marketing and promotion of its educational services sold under the Delta Marks. Delta's marketing and promotional efforts include advertisements in a wide range of media including, but not limited to, official school websites, television ads, print media, third-party Internet lead websites, and other online marketing channels.

20.     As a result of Delta's marketing and promotional efforts, the educational services sold in connection with the Delta Marks are highly sought after by consumers who desire to earn post-secondary degrees.  Each Delta Mark signifies among consumers a single source of services.  Indeed, the extraordinary and longstanding sales success of the Delta brands over the decades have fostered wide renown with the trade and public, earning the Delta Marks great value, secondary meaning, and fame among the consuming public in the United States.

21.     Delta has created various marketing materials including, school websites, marketing videos, and other online advertisements that are wholly original and constitute copyrightable subject matter that is protected against unauthorized copying under the laws of the United States (collectively "Delta's Copyrighted Materials").

22.     Delta is the owner of the copyrights in Delta's Copyrighted Material and, as such, owns the exclusive rights to reproduce, distribute, publicly display, and/or perform Delta's Copyrighted Material.

23.     For example, the website located at the URL http://www.miller-motte.edu (the "MMTC Website") is the original creation of Miller-Motte College, Inc. through its employees and contractors.  Accordingly, Miller-Motte is the owner of the copyrights in MMTC Website and, as such, owns the exclusive rights to reproduce, distribute, publicly display and/or perform the content of the MMTC Website.

24.     Effective as of June 12, 2012, Delta has a registration with the U.S. Copyright office for the MMTC Website, Registration Number VA 1-820-975, a copy of which is attached hereto as **Exhibit 2**.

25.     Effective as of June 8, 2012, Delta has a registration with the U.S. Copyright Office for a promotional video, *Series 2 TV Spot: 2 for 1*, that is used to market the Delta Schools to prospective students, Registration Number PA 1-790-023, a copy of which is attached hereto as **Exhibit 3**.

26.     Through Delta Schools' continued investment, and because of widespread and favorable public acceptance and recognition, the Delta Marks and Delta's Copyrighted Materials are assets of incalculable value as symbols of the Delta Schools, its quality services, and goodwill.

**II.     BSR'S UNLAWFUL ACTIVITIES**

27.     BSR owns and operates the Internet website called Community College Review, found at www.communitycollegereview.com (the "BSR Website").

28.     While BSR claims in its pleadings that it merely provides "free detailed profiles of community colleges," it is abundantly clear that BSR is in the education marketing business. Specifically, BSR is an online lead generator that earns revenue selling leads and click through advertising to the private postsecondary school sector.

29.     BSR engages in bait-and-switch marketing tactics to fraudulently induce consumers into providing their personal information, which it then sells to third parties for marketing purposes.

30.     When a user searches for information about a Delta School, the user is directed to a web page with detailed information and demographics about the Delta School where BSR prompts the user to obtain admissions information about the Delta Schools by filing out a lead

form.  For example, when visiting the Miller-Motte College page for the school located in Cary

North Carolina on the BSR Website

http://www.communitycollegereview.com/school_overview/2351, users are prompted to "Get

Admissions Info on Miller-Motte Technical College, Cary (It only takes a minute!)."  See

**Exhibit 4**.

    31.    The lead form requires the user to provide personally identifying information,

including his or her name, address, phone number, email address, level of education completed,

high school graduation year, the area of study in which the user is interested, start date, and

learning preferences.

    32.    After the user submits his or her personal information though the lead form, a

pop-up window appears that states, "We have sent your information to Miller-Motte Technical

College, Cary as you requested. An email confirmation has been sent to you with additional

information. Most schools will call, email, or send an information packet in the mail within 2

weeks."  However, the information is never sent to Miller-Motte Technical College, making it

impossible for the school to contact the user and the user never receives the admissions

information requested.  Instead, BSR it resells or remarkets that lead to Delta's direct

competitors.

    33.    Upon information and belief, after the lead form is submitted, BSR, and/or its

marketing partners, contact the user by phone and/or email to market BSR's school clients which

offer the same or similar educational program as the Delta School about which the user actually

inquired.

    34.    Upon further information and belief, BSR, and/or its marketing partners, make

further misrepresentations in these calls and/or emails that the Delta School about which the user

expressed an interest received the user's contact information and will be contacting the user to provide the additional information requested.

35.    In addition to these fraudulent and misleading lead forms, the BSR Website prominently displays Delta's trademarks and copyrighted content.  *See*, *e.g.*, Amended Complaint Exhibit A.  Each page displays the trademark name of the relevant school at the top of the page.  To the right of that, BSR displays a copy of the school's home page in its entirety, which also includes the school logos.  The "School Notes Overview" section contains a description of the school and is copied directly from the Delta's own website.  Additionally, promotional videos appear further down the page using an embedded viewer so that the user can view the video from the BSR Website instead of from the Delta's own website or YouTube page.

36.    At no point has Delta authorized BSR to use the Delta Marks and/or the copyrighted MMTC Website, or any of the Delta Marks or Delta Copyrighted Material, on the BSR Website.

37.    By using the Delta Marks to induce consumers to submit online leads, BSR is deliberately and willfully free-riding on the hard-earned goodwill and value of the MILLER-MOTTE® trademark and other Delta Marks.

38.    In addition, upon information and belief, BSR is infringing the Delta Marks to promote BSR's goods and services through the Google® search engine.

39.    Specifically, upon information and belief, when users of the Google® search engine search for information about the Delta Schools by entering one of the Delta Marks as a search term, BSR causes the Google® search engine to display advertisements for BSR's Website.

40.     Upon information and belief, BSR uses the Delta Marks as metatags, adwords, and/or keywords for BSR's Website, which generate advertisements and/or search results for BSR's Website.

41.     By using the Delta Marks as metatags, adwords, and/or keywords for BSR's Website, BSR is using the Delta Marks in interstate commerce.

42.     By creating a web page for each of the Delta Schools, which includes detailed information about the Delta School, the Delta Marks, the Copyrighted Material, and a lead form which invites users to "Get Admissions Info" about the Delta School, BSR deliberately and willfully creates the fraudulent perception that BSR's Website is licensed from, officially sponsored or endorsed by, or is otherwise associated with Delta Schools.

43.     Upon learning of such unauthorized use of the Delta Marks and Copyrighted Material in connection with BSR's services in April of 2010, Delta notified BSR that it objected to BSR's use of the Copyrighted Materials,  Delta Marks, or any confusingly similar variation thereof.

44.     In response, BSR's counsel indicated to Delta's counsel that it would remove some of the infringing use of Delta's trademarks and copyrighted works; however, it refused to remove all of the Delta Marks and Copyrighted Material claiming that it was entitled to display such information regardless of whether or not Delta consented to its use.

45.     In November of 2011, Delta reiterated its demand that BSR cease and desist its unlawful use of the Delta Marks and copyrights on the BSR Website.

46.     BSR continues to infringe the Delta Marks and Copyrighted Material and to engage in unfair competition and dilution by using and displaying the Delta Marks and Delta Copyrighted Material on the BSR Website, in commerce in conjunction with BSR's services.

47.     BSR has used and continues to use, without authorization or license, the Delta Marks and Delta's Copyrighted Materials, in a manner that is likely to cause consumers to be confused into believing that the services being offered on the BSR Website are authorized and/or approved by Delta.

48.     BSR has engaged in a pattern of deliberate and willful infringement designed to confuse consumers as to the source, affiliation, and/or sponsorship of its companies' products and/or services and trade upon the Delta's valuable intellectual property, goodwill, and reputation.

49.     BSR deliberately and willfully induces consumers to provide personal information under the false pretense that the consumer will receive admissions information about the school of interest, misrepresents to the consumer that their information has been submitted to the school of interest, and misrepresents that school will be contacting them within two weeks. In fact, the consumer never receives the requested admissions information, the consumer's information is never transmitted to the school of interest, and the consumer is never contacted by the school of interest.  Instead, BSR sells the consumer's personal information to third-party schools and marketing partners, without the consumer's consent, and in violation of BSR Privacy Policy which explicitly states "Under no circumstance is personal identifiable information released to the public or site partners without explicit consent of our users."

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101, et seq.)

50.     Delta restates and realleges each of the allegations set forth in the paragraphs above and incorporates them herein by this reference.

51.     Delta's Copyrighted Materials are the original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

52.     Delta is currently, and at all relevant times has been, the sole and exclusive owner of all rights, title, and interests in and to the Copyrighted Materials.

53.     Upon information and belief, BSR had access to the Copyrighted Materials and intentionally copied, distributed, publicly displayed and/or performed the Copyrighted Materials without Delta's permission or authorization.

54.     Upon information and belief, as a result of the copying, distributing, publicly displaying, and/or performing of the works of Delta's Copyrighted Materials, BSR has deprived Delta of the exclusive rights and benefits granted to it under copyright law.

55.     By its actions, as alleged above, BSR has infringed and violated Delta's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by copying, distributing, publicly display, and performing Delta's Copyrighted Materials, all without Delta's authorization or consent.

56.     Upon information and belief, BSR's infringement of Delta's Copyrighted Materials is willful and deliberate and BSR has profited at the expense of Delta and the Delta Schools.

57.     Upon information and belief, unless enjoined by this Court, BSR intends to continue its course of conduct and to wrongfully use, infringe upon, distribute, and otherwise profit from its infringing conduct.

58.     BSR's conduct has caused and will continue to cause irreparable injury to Delta unless enjoined by this Court.  Delta has no adequate remedy at law.

59.     As a direct and consequential result of BSR's willful and intentional infringement of Delta's exclusive rights under the Copyright Act, 17 U.S.C. §501, Delta is entitled to actual damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## <u>FEDERAL TRADEMARK INFRINGEMENT</u>
### (15 U.S.C. § 1114)

60.     Delta restates and realleges each of the allegations set forth in the paragraphs

above and incorporates them herein by this reference.

61.     BSR's use of a copy, variation, simulation, or colorable imitation of Delta's

federally registered trademarks is likely to cause confusion, mistake, or deception, and

constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C.

§1114(1).

62.     With actual and constructive notice of Delta's registered trademarks, BSR has

used a copy, variation, simulation or colorable imitation of Delta's federally registered

trademarks with full knowledge of the long and extensive prior use of those marks by Delta.

63.     BSR's actions have caused, and are likely to continue to cause, confusion,

mistake, and deception by or among consumers who have been, and will continue to be, led to

believe that BSR's services are somehow provided, sponsored, or approved by Delta.

64.     Upon information and belief, BSR has engaged in a pattern of deliberate and

willful infringement designed to confuse consumers as to the source, affiliation, and/or

sponsorship of its companies' products and/or services and trade upon Delta's valuable

intellectual property, goodwill, and reputation.

65.     BSR's conduct is causing immediate and irreparable injury to Delta, and to its

goodwill and reputation, and will continue both to damage Delta and to confuse the public unless

enjoined by this Court.  No amount of money damages can adequately compensate Delta if Delta

loses the ability to control the use of its marks, reputation, and goodwill through the false and

unauthorized use of its trademarks.  Delta is entitled to injunctive relief prohibiting BSR from

using the Delta Marks.

13

66.     Because Defendant's actions have been committed willfully and with intent to profit from Delta's goodwill in the Delta Marks, this is an exceptional case and Delta is entitled to recover BSR's profits together with Delta's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### <u>FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN</u>
### (15 U.S.C. § 1125)

67.     Delta restates and realleges each of the allegations set forth in the paragraphs above and incorporates them herein by this reference.

68.     BSR's use of the Delta Marks is likely to cause confusion, mistake, or deception, and constitutes a false designation of origin, false description, and false representation of BSR's goods and/or services, and a false representation that BSR's goods and/or services originate with or are sponsored, endorsed, licensed, authorized and/or affiliated or connected with Delta and the Delta Schools in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

69.     Members of the trade and public have believed, will believe and/or are likely to believe BSR's false representations regarding their relationship with Delta and the Delta Schools and have relied, will rely, and/or are likely to rely upon BSR's misrepresentations in making purchasing decisions.

70.     Upon information and belief, BSR has engaged in a pattern of deliberate and willful infringement designed to confuse consumers as to the source, affiliation, and/or sponsorship of its companies' products and/or services and trade upon Delta and the Delta School's valuable intellectual property, goodwill, and reputation.

71.     BSR's conduct is causing immediate and irreparable injury to Delta, and to its goodwill and reputation, and will continue both to damage Delta and to confuse the public unless enjoined by this Court.  No amount of money damages can adequately compensate Delta if Delta

loses the ability to control the use of its marks, reputation, and goodwill through the false and unauthorized use of its trademarks.  Delta is entitled to injunctive relief prohibiting BSR from using the Delta Marks.

72.     Because Defendant's actions have been committed willfully and with intent to profit from Delta's goodwill in the Delta Marks, this is an exceptional case and Delta is entitled to recover BSR's profits together with Delta's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**FOURTH CLAIM FOR RELIEF**
**<u>FEDERAL TRADEMARK DILUTION</u>**
**(15 U.S.C. §1125)**

73.     Delta restates and realleges each of the allegations set forth in the paragraphs above and incorporates them herein by this reference.

74.     The Delta Marks have become famous and are uniquely associated with Delta and the Delta Schools.

75.     BSR's above-described actions occurred long after the Delta Marks acquired fame, and have diluted, will continue to dilute, and/or are likely to dilute, unless restrained, the distinctive quality of the famous Delta Marks by destroying the exclusive association between those marks and Delta and the Delta Schools' services, and/or otherwise lessen the capacity of those marks to identify Delta and the Delta Schools and their services exclusively.

76.     Upon information and belief, BSR's activities, which have been neither sponsored, licensed, or approved by Delta and the Delta Schools, have tarnished, will continue to tarnish, and/or are likely to tarnish, unless restrained, the Delta Marks by undermining and damaging the goodwill and reputation associated therewith.

77.     Upon information and belief, BSR has engaged in a pattern of deliberate and willful infringement designed to confuse consumers as to the source, affiliation, and/or

15

sponsorship of its companies' products and/or services and trade upon Delta and the Delta

Schools' valuable intellectual property, goodwill, and reputation.

78.     BSR's aforesaid actions are intentional and in violation of Section 43(c)(1) of the

Lanham Act, 15 U.S.C. § 1125(c)(1), and have already caused Delta and the Delta Schools have

been irreparable damage and will, unless restrained, continue to so damage Delta and the Delta

Schools.  Delta and the Delta Schools have no adequate remedy at law.

79.     Because Defendant's actions have been committed willfully and with intent to

profit from Delta's goodwill in the Delta Marks, this is an exceptional case and Delta is entitled

to recover BSR's profits together with Delta's damages, trebled, costs of the action, and

reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## FIFTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

80.     Delta restates and realleges each of the allegations set forth in the paragraphs

above and incorporates them herein by this reference.

81.     Upon information and belief, BSR was aware of Delta and the Delta Schools'

hard earned reputation and renown among the public for educational services in connection with

the Delta Marks, and adopted and used the Delta Marks in disregard of Delta and the Delta

Schools' prior intellectual property rights.

82.     Upon information and belief, the use by BSR of the infringing Delta Marks has

resulted in the misappropriation of and trading upon Delta and the Delta Schools' goodwill and

business reputation at Delta and the Delta Schools' expense and at no expense to BSR.  The

effect of BSR's misappropriation of the Delta and the Delta Schools' goodwill symbolized by the

Delta Marks is to unjustly enrich BSR, damage Delta and the Delta Schools, and confuse and/or

deceive the public.

83.     Upon information and belief, BSR has engaged in a pattern of deliberate and willful infringement designed to confuse consumers as to the source, affiliation, and/or sponsorship of its companies' products and/or services and trade upon Delta and the Delta School's valuable intellectual property, goodwill, and reputation.

84.     BSR's conduct constitutes unfair competition with Delta and the Delta Schools, all of which has caused and will continue to cause irreparable injury to Delta and the Delta Schools' goodwill and reputation unless enjoined by this Court.  Delta and the Delta Schools have no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**DECEPTIVE TRADE PRACTICES**
**(N.Y. GENERAL BUSINESS LAW § 349)**

85.     Delta restates and realleges each of the allegations set forth in the paragraphs above and incorporates them herein by this reference.

86.     By reason of the acts and practices set forth above, BSR has and is engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or services, in violation of § 349 of the New York General Business Law.

87.     The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by BSR.

88.     Unless enjoined by the Court, BSR will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Defendants/Counter-Claimants.  The Defendants/Counter-Claimants have no adequate remedy at law.

**SEVENTH CLAIM FOR RELIEF**
**DECEPTIVE TRADE PRACTICES**
**(N.Y. GENERAL BUSINESS LAW § 360-1)**

89.     Delta restates and realleges each of the allegations set forth in the paragraphs above and incorporates them herein by this reference.

90.     BSR's actions as described herein has caused and will continue to cause the dilution of the distinctive quality of the Delta Marks, resulting in injury to Delta and the Delta Schools' business reputation.

91.     BSR's actions as described herein is not controlled or otherwise subject to Delta and the Delta Schools' control has caused and will continue to cause dilution and/or injury to the reputation of the Delta Marks and Delta and the Delta Schools' services sold in connection therewith.

92.     Because BSR's actions have been committed intentionally, willfully and/or in bad faith, Delta is entitled to recover BSR's profits together with Delta's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant New York General Business Law §360-m.

93.     By reason of the foregoing, Delta and the Delta Schools are also entitled to injunctive relief under New York General Business Law §360-m.

WHEREFORE, Defendants/Counter-Claimants demand judgment as follows:

1.     Preliminarily and permanently enjoining BSR, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with BSR, from:

a)   directly or indirectly infringing Defendants/Counter-Claimants' respective copyrights or continuing to copy, distribute, publicly display or perform any works similar to, or derived from or copied from Defendants/Counter-

Claimants copyrighted works, or to participate or assist in any such activity;

b)  continuing to market, offer, sell, dispose of, license, transfer, exploit, advertise, promote, reproduce, develop, or contribute to or actively participate in the marketing, offering, sale, disposition, licensing, transferring, exploiting, advertising, promotion, or development of any services that bear, contain or incorporate any unauthorized copy or reproduction of the Delta Marks or marks or names similar thereto or derived therefrom;

c)  making or displaying any statement or representation that is likely to lead the public or the trade to believe that BSR's services are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Defendants/Counter-Claimants;

d)  using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress which falsely associate such goods or services with Defendants/Counter-Claimants or tend to do so;

e)  diluting the distinctive quality of the Delta Marks;

f) engaging in any other activity constituting unfair competition with Defendants/Counter-Claimants, or constituting an infringement of Defendants/Counter-Claimants' rights;

g) engaging in deceptive business and marketing practices, including but not limited to hosting lead forms for schools without authorization from the school and collecting personal information from consumers under the false pretense that the user will receive additional information from the school;

h) aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (g).

2.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service offered, sold, distributed, licensed, circulated or promoted by BSR is authorized by Defendants/Counter-Claimants or related in any way to Defendants/Counter-Claimants' services.

3.    Directing that BSR file with the Court and serve upon Defendants/Counter-Claimants' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which BSR has complied therewith.

4.    Awarding Defendants/Counter-Claimants such damages as they have sustained or will sustain by reason of BSR's trademark infringement, copyright infringement, unfair competition, and unfair trade practices.

5.    Awarding Defendants/Counter-Claimants all gains, profits, property and advantages derived by BSR from such conduct; and pursuant to 15 U.S.C. § 1117, awarding Defendants/Counter-Claimants an amount up to three times the amount of the actual damages

suffered by Defendants/Counter-Claimants and an amount of the three times BSR's profits earned as a result of its infringing activities.

6.      Awarding Defendants/Counter-Claimants all gains, profits, property and advantages obtained or derived by BSR from its acts of copyright infringement.

7.      Awarding Defendants/Counter-Claimants all gains, profits, property and advantages obtained or derived by BSR from its conduct; and pursuant to N.Y. General Business Law § 360-m, awarding Defendants/Counter-Claimants an amount up to three times the amount of the actual damages suffered by Defendants/Counter-Claimants and an amount of the three times BSR's profits earned as a result of its infringing activities.

8.      Awarding Defendants/Counter-Claimants such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement.

9.      Awarding Defendants/Counter-Claimants their costs and disbursements incurred in this action, including their reasonable attorneys' fees, as provided in 15 U.S.C. § 1117 and N.Y. General Business Law § 349 and § 360.

10.     Awarding Defendants/Counter-Claimants interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Defendants/Counter-Claimants hereby demand a trial by jury pursuant to rule 38 or the Federal Rules of Civil Procedure.

DATED:  November 15, 2013

Respectfully submitted,

DUANE MORRIS LLP

By:  _/s/ Michelle Hon Donovan_____
R. Terry Parker
1540 Broadway
New York, NY 10036-4086
Telephone: 212.692.1000
Facsimile: 212.692.1020

and

Keith Zakarin (*pro hac vice*)
Michelle Hon Donovan (*pro hac vice*)
Heather U. Guerena (*pro hac vice*)
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619.744.2200

*Attorneys for Defendants/Counter-Claimants*